# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **BEVERLY BRABHAM,** } | |
| } | |
| **Plaintiff,** } | |
| } | |
| v. } | Case No.: 2:05-CV-1293-RDP |
| } | |
| **KEITH HENDERSON, et al.,** } | |
| } | |
| **Defendants.** } | |

## MEMORANDUM OPINION

**I.  Introduction**

As outlined below, the court has conducted an independent analysis of the Plaintiff's Complaint and proposed amendment (collectively hereinafter the "Complaint") under the Rule 12(b)(6) standard and concludes that with respect to any federal claims, Plaintiff's Complaint fails to state a claim upon which relief can be granted and therefore is due to be dismissed. To the extent that Plaintiff is asserting any state law claims, the court declines to exercise jurisdiction over them, and pursuant to 28 U.S.C. § 1367(c)(3), dismisses them without prejudice.

**II.  Standard of Review**

A court may dismiss a complaint under Rule 12(b)(6) only if it appears beyond a doubt that the plaintiff can prove no set of facts in support of her claims which would entitle her to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). In deciding a Rule 12(b)(6) motion, the court must "accept all well-pleaded factual allegations in the complaint as true and construe the facts in a light most favorable to the non-moving party." *Dacosta v. Nwachukwa*, 304 F.3d 1045, 1047 (11th Cir. 2002) (citing *GJR Invs., Inc. v. County of Escambia, Fla.*, 132 F.3d 1359, 1367 (11th Cir. 1998)). "'[U]nsupported conclusions of law or of mixed fact and law have long been recognized not to

prevent a Rule 12(b)(6) dismissal.'" *Dalrymple v. Reno*, 334 F.3d 991, 996 (11th Cir. 2003) (quoting *Marsh v. Butler County*, 268 F.3d 1014, 1036 n.16 (11th Cir. 2001)). Further, "[a] complaint may not be dismissed because the plaintiff's claims do not support the legal theory she relies upon since the court must determine if the allegations provide for relief on *any* possible theory." *Brooks v. Blue Cross & Blue Shield of Florida, Inc.*, 116 F.3d 1364, 1369 (11th Cir. 1997) (emphasis in original) (citing *Robertson v. Johnston*, 376 F.2d 43 (5th Cir. 1967)).

"The threshold of sufficiency that a complaint must meet to survive a motion to dismiss for failure to state a claim is . . . 'exceedingly low.'" *Ancata v. Prison Health Serv., Inc.* 769 F.2d 700, 703 (11th Cir. 1985)(quoting *Quality Foods de Centro America, S.A. v. Latin American Agribusiness Dev.*, 711 F.2d 989, 995 (11th Cir. 1983)). When the above-referenced standard is applied to the complaint, the motion to dismiss is due to be granted.

### III. Analysis[1]

This case arises out of alleged constitutional violations and other claims stemming from Plaintiff's arrest on or about April 16, 2002, for driving under the influence of alcohol in the City of Adamsville and her subsequent plea agreement and conviction. On May 29, 2003, Plaintiff initiated an action in this court asserting various claims against Judge Roy Landrum of the Adamsville Municipal Court.[2] (2:03-CV-1290-CLS at Doc. #1). Several months later on October

---

[1]In the foregoing analysis, the court takes judicial notice of the prior state and federal court proceedings involving Plaintiff, some of which are expressly relied upon by her. (Doc. #1 at Ex. 1).

[2]Actually, on January 10, 2003, Plaintiff filed her first federal complaint relating to her arrest for driving under the influence. (2:03-CV-0064-KOB at Doc. #1). Based upon the report provided by federally-appointed counsel, the court dismissed Plaintiff's claim for the appointment of counsel in the Adamsville Municipal Court proceeding as moot and entirely dismissed the matter without prejudice finding the other claims to be premature due to the ongoing nature of the Adamsville Municipal Court proceeding. (*Id.* at Doc. #7).

15, 2003, Plaintiff filed an Amended Complaint which asserted claims against the City of Adamsville; Milton Barker, the District Attorney; Officer Bentley of the Adamsville Police Department; and Officer Henderson of the Adamsville Police Department. (*Id.* at Doc. #27). The parties sued in Plaintiff's previously filed Amended Complaint are identical to the parties sued in this case. Moreover, the allegations asserted in each action are substantially similar. On February 4, 2004, the court entered an Order dismissing Plaintiff's state law assault claim without prejudice and dismissing all other claims with prejudice. (2:03-CV-1290-CLS at Doc. #46). The court's order of dismissal was legally supported by an accompanying Memorandum Opinion. (*Id.* at Doc. #45).

In this case, Plaintiff apparently seeks to refile the amended complaint from 2:03-CV-1290-CLS in light of a purported jury verdict she received in state court against Defendant Henderson. As discussed in footnote 1 *supra*, the court takes judicial notice of Judge Smith's February 4, 2004 Order and Memorandum Opinion in 2:03-CV-1290-CLS.[3] Judge Smith's dismissal with prejudice in that case of the same claims Plaintiff asserts here operates as a bar to Plaintiff's claims in this case. The court is unclear what exactly occurred in state court between Plaintiff and Defendant Henderson. What is clear, however, is that (1) Plaintiff's claims asserted in 2:03-CV-1290-CLS (and which Plaintiff attempts to reassert here) were found to be barred by the *Rooker-Feldman* doctrine[4] and (2) notwithstanding a favorable verdict against Henderson in a separate state proceeding, Plaintiff cannot reassert in this case the claims that were dismissed with prejudice in 2:03-CV-1290-

---

[3]Plaintiff filed a notice of appeal relating to the court's prior decision of dismissal on February 12, 2004. (2:03-CV-1290-CLS at Doc. #51). The Court of Appeals for the Eleventh Circuit dismissed the appeal on April 9, 2004. (*Id.* at Doc. #53).

[4]*See Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 486 (1983).

CLS.

With respect to any state law causes of action contained in Plaintiff's Complaint, pursuant to 28 U.S.C. § 1367(c)(3),[5] the court in its discretion declines to exercise supplemental jurisdiction over them, and those claims are due to be dismissed without prejudice.

**IV.      Conclusion**

For the reasons stated above, any state law claims asserted by Plaintiff are due to be dismissed without prejudice. All other claims of Plaintiff are due to dismissed with prejudice. A separate order will issue.

**DONE** and **ORDERED** this ____24th____ day of June, 2005.

_____
R. DAVID PROCTOR
UNITED STATES DISTRICT JUDGE

---

[5]The court in 2:03-CV-1290-CLS similarly declined to exercise supplemental jurisdiction over Plaintiff's state law assault claim. (Doc. #45 at 9-10).